1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES C. FEICK,

                    Plaintiff,

        v.

BRUTSCHE FAMILY RECOVABLE
TRUST, et al.,

                    Defendants.

CASE NO. 3:24-CV-5587-TMC

ORDER RENOTING APPLICATION
TO PROCEED *IN FORMA PAUPERIS*
AND DIRECTING AMENDED
COMPLAINT BE FILED

The District Court has referred Plaintiff Charles C. Feick's pending Application to

Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge

David W. Christel pursuant to Amended General Order 11-22. On July 22, 2024, Plaintiff

initiated this action by filing a proposed complaint and an application to proceed *in forma

pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-3.

**Standard for Granting Application for IFP.**  The district court may permit indigent

litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C.

§1915(a). However, the court has broad discretion in denying an application to proceed IFP.

*Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

1    **Plaintiff's Application to Proceed IFP.**  Plaintiff states that he receives monthly social

2   security benefits in the amount of $1,263.00. Dkt. 1. He states he has $25.00 in cash and negative

3   amount of $590.00 in his bank accounts. *Id*. at p. 2. Plaintiff has no assets and has $1,263.00 in

4   monthly expenses. *Id*.

5    **Review of the Complaint.**  Because Plaintiff filed this proposed complaint *pro se*, the

6   Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt.

7   *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In the

8   proposed complaint, Plaintiff appears to allege Defendants Brutsche Family Revocable Trust,

9   Steve Krohn, Resource Transition Consultants, LLc, and Kevin Hanchett interfered with his

10   business and are liable under the civil RICO statute. Dkt. 1-2.

11    ***Sua Sponte* Dismissal – Standard on Rule 12 (b).**  Pursuant to Fed. R. Civ. P. 12(b), a

12   case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal

13   jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6)

14   failure to state a claim upon which relief can be granted; and (7) failure to join a party under

15   Rule 19." Under Fed. R. Civ. P. 12b)(6), a federal court may dismiss a case *sua sponte* when it is

16   clear that the plaintiff has not stated a claim upon which relief may be granted.  *See Omar v. Sea-*

17   *Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte*

18   under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant

19   cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-

20   08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous

21   complaint *sua sponte*, even in absence of an express statutory provision). A complaint is

22   frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228

23   (9th Cir. 1984).

24   ORDER RENOTING APPLICATION TO
     PROCEED IN FORMA PAUPERIS AND
     DIRECTING AMENDED COMPLAINT BE FILED
     - 2

1    **Analysis of Plaintiffs' Claims**. Plaintiff asserts claims for liability under the civil RICO

2    statute. First, a civil RICO claim is subject to the heightened particularity requirements of FRCP

3    9(b). *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004) (citing, quoting, and

4    following *Alan Neuman Prods., Inc. v. Albright*, 862 F.3d 1388, 1392 (9th Cir. 1989)). This

5    requires a complaint to "state the time, place, and specific content of the false representations as

6    well as the identities of the parties to the misrepresentation." *Edwards*, 356 F.3d at 1066; *see*

7    *also Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991)

8    (plaintiff must set forth in the complaint "detail with particularity the time, place, and manner of

9    each act of fraud, plus the role of each defendant in each scheme"). Plaintiff's proposed

10   complaint does not have the requisite degree of particularity necessary to sustain a civil RICO

11   claim. *See* Dkt. 1-2. Rather, Plaintiff has provided a long narrative of the history of this case and

12   instances of the RICO violations, but has not adequately explained the specific content of the

13   false representations. This is not sufficient to meet the heightened requirements of Rule 9(b).

14       To state a claim under RICO, a claimant must allege the defendant (1) participated in (2)

15   an enterprise (3) through a pattern (4) of racketeering activity that (5) proximately caused the

16   claimant's harm. 18 U.S.C. § 1962(c); *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496-97

17   (1985); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014).

18   To show the existence of an enterprise under the second element, a plaintiff must plead that the

19   enterprise has (A) a common purpose, (B) a structure or organization, and (C) longevity

20   necessary to accomplish the purpose. *Boyle v. United States*, 556 U.S. 938, 946 (2009).

21   "Racketeering activity" is defined as (a) "any act or threat involving murder, kidnapping,

22   gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled

23

24

1  substance or listed chemical" that would constitute a felony, or (b) an act which is federally

2  "indictable under" a number of federal laws. 18 U.S.C. § 1961.

3      As alleged, nothing that Plaintiff asserts occurred after July 22, 2020 (four years before

4  the commencement of this action) rises to the level of "racketeering activity" that could be

5  compensable under civil RICO. The proposed complaint was devoid of any allegations that rise

6  to the level of racketeering activity. Further, it is not clear that Plaintiff has successful pled facts

7  showing an enterprise exists. Rather, Plaintiff's allegations are a lengthy recitation of a

8  chronology of events. Accordingly, Plaintiff has failed to state a RICO claim.

9      Plaintiff also alleges Defendants are liable under 18 U.S.C. §§ 1341 & 1343 for mail

10 fraud. Dkt. 1-2 Plaintiff seeks civil liability under criminal statutes. This is improper and the mail

11 fraud claims fail as a matter of law.

12     **Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a

13 *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend

14 prior to dismissal of the action.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

15 While the Court finds it unlikely Plaintiff can cure the deficiencies of the proposed complaint, in

16 an abundance of caution, the Court finds Plaintiff should be afforded an opportunity to amend his

17 proposed complaint to try to state a claim. The Court, however, directs Plaintiff to provide a

18 *short* statement of claims and the factual allegations that support each claim.

19     **Decision on Application to Proceed IFP**.  A district court may deny leave to proceed *in*

20 *forma pauperis* at the outset if it appears from the face of the proposed complaint that the action

21 is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting

22 *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Based upon the above

23

24

analysis of the deficiencies in the proposed complaint, the Court finds it appropriate to re-note Plaintiff's application to proceed IFP (Dkt. 1) to September 3, 2024.

      **Conclusion.**  For the above stated reasons, it is hereby **ORDERED** that:

- Plaintiff's application to proceed IFP (Dkt. 1) is **RENOTED** to **September 3, 2024;** and

- Plaintiff's proposed amended complaint, if any, **IS DUE** on or before **September 3, 2024**. If Plaintiff fails to adequately respond to this Order and file an amended complaint by September 3, 2024, the Court will recommend Plaintiff's Application to Proceed IFP be denied and this case be dismissed.

      Dated this 1st day of August, 2024.

David W. Christel
United States Magistrate Judge