1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES FEICK, | Case No. 3:24-cv-05587-TMC |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS |
| BRUTSCHE FAMILY REVOCABLE TRUST, *et al.*, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Charles Feick's October 5, 2025 motion for leave to appeal in forma pauperis (IFP). Dkt. 51. Having considered the motion and the balance of the record, the Court GRANTS Mr. Feick's IFP application.

Plaintiff Charles Feick, proceeding pro se, alleged violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(a)–(d), arising from Defendants' investments in—and subsequent takeover and liquidation of—Mr. Feick's marijuana production and processing company, GHC. Dkt. 8. The Court granted Defendants' motion to dismiss, reasoning that Mr. Feick lacked standing and his claims fell outside the four-year RICO statute of limitations. Dkt. 44 at 8–13. The Court also rejected Defendants' request for sanctions based

on "frivolous pleadings," finding that Mr. Feick had not "unreasonably or vexatiously" multiplied the proceedings here. *Id*. at 13–14.

An appellant seeking to appeal in forma pauperis must file a motion in the district court and attach an affidavit that shows an "inability to pay or to give security for fees and costs;" "claims an entitlement to redress;" and "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1); *see also* 28 U.S.C. § 1915(a)(1).

The determination of the moving party's indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Jefferson v. U.S.*, 277 F.2d 723, 725 (9th Cir. 1960) (per curiam). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life*." Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (cleaned up). Where the supporting affidavits comply with the statute, they should ordinarily be accepted, especially if unopposed. *Jefferson*, 277 F.2d at 725.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). A "good faith" appeal must seek review of at least one "non-frivolous" issue or claim. *Id.* An issue is "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitze v. Williams*, 490 U.S. 319, 325 (1989).

Mr. Feick filed a standard IFP form showing that he has only $17 cash on hand and a negative balance of $600 in his checking account. Dkt. 51 at 2. Aside from a $2,500 cash settlement he received in May 2024, Mr. Feick receives only $1,346 each month in social

security payments. *Id.* at 1–2. He also stated, "I am poor. I never have enough money each month to meet all of my household expenses." *Id*. at 2.

Mr. Feick has shown his financial eligibility and that the appeal is not frivolous. Therefore, the Court GRANTS his motion to proceed IFP on appeal.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 6th day of October, 2025.

Tiffany M. Cartwright
United States District Judge